UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| SCHLUMBERGER TECHNOLOGY CORPORATION | ) ) ) CASE NO. |
| Plaintiff | ) ) ) |
| v. | ) ) |
| ARKLATEX WIRELINE SERVICES, LLC | ) ) |
| Defendant. | ) ) ) ) |

## COMPLAINT

NOW COMES Schlumberger Technology Corporation ("Schlumberger" or "Plaintiff"), by and through its undersigned attorneys, who hereby files this Complaint against Defendant, ArkLaTex Wireline Services, LLC ("ArkLaTex" or "Defendant"), and upon information and belief, alleges as follows:

### I.    PARTIES

1.    Plaintiff, Schlumberger, is incorporated in the State of Texas with its headquarters and principal place of business in Sugar Land, Texas.

2.    Defendant, ArkLaTex, is a Delaware limited liability company with its principal business office in Shreveport, Louisiana.  In addition to its Shreveport office, ArkLaTex has offices in Edinburg, Lytle, Odessa, Tyler, Palestine and Weatherford, Texas.

1

## II. JURISDICTION AND VENUE

3. This is a civil action seeking damages and injunctive relief for defamation and violations of the Louisiana Unfair Trade Practices Act (La. R.S. § 51:1401 *et seq.*).

4. This Court has jurisdiction over the claims in this action based on 28 U.S.C. §1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over the Defendant because the Defendant has minimum contacts within this jurisdiction such that exercising personal jurisdiction over the Defendant would not offend traditional notions of fair play and substantial justice.

6. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district and under § 1391(b)(3) because the Defendant is subject to the Court's personal jurisdiction with respect to this action.

## III. FACTS

7. Schlumberger provides oilfield services and technology to oil and gas exploration companies around the globe, including companies located in Louisiana.

8. Schlumberger employs individuals in Louisiana.

9. Schlumberger maintains service contracts with its customers and clients.

10. ArkLaTex operates its business in Louisiana.

11. ArkLaTex competes directly with Schlumberger in the businesses of oilfield services in Louisiana.

12. Upon information and belief, ArkLaTex, by and through former Schlumberger employees and/or other agents, has engaged in a systematic raiding of Schlumberger employees in Louisiana.

13. As a result, Schlumberger has lost a considerable number of employees to ArkLaTex including special services personnel.

14. Upon information and belief, the loss of the special services personnel was intended to have a significant adverse effect on Schlumberger's business.

15. The manner in which ArkLaTex solicited Schlumberger's employees indicates that ArkLaTex intended to unlawfully harm Schlumberger.

16. Upon information and belief, ArkLaTex has unlawfully solicited/enticed Schlumberger's customers in Louisiana to redirect their business away from Schlumberger.

17. The manner in which ArkLaTex solicited Schlumberger's customer indicates that ArkLaTex intended to unlawfully harm Schlumberger.

18. Upon information and belief, ArkLaTex has defamed Schlumberger's reputation in order to recruit employees to leave Schlumberger's Louisiana operations.

19. Upon information and belief, ArkLaTex has defamed Schlumberger's reputation in order to solicit/entice customers to redirect their business away from Schlumberger.

20. Upon information and belief, ArkLaTex's contact in Louisiana has included misrepresentations regarding Schlumberger's safety record, operating capabilities, and future prospects. Such misrepresentations were not grounded in truth and it is Schlumberger's belief that ArkLaTex made such misrepresentations with an intent to harm Schlumberger's reputation thereby diminishing Schlumberger's business in Louisiana.

21. Upon information and belief, the above described acts, and other acts yet to be enumerated, were all part of a plan to competitively harm Schlumberger and give ArkLaTex an unfair competitive advantage in the marketplace in Louisiana.

22. Upon information and belief, the individual employees of ArkLaTex who performed the above-described acts were acting in the capacity of agents for ArkLaTex.

23. Upon information and belief, the individual ArkLaTex employees performed their wrongful conduct with full knowledge of the overall plan for ArkLaTex to obtain an unlawful, competitive advantage over Schlumberger.

### IV. FIRST CAUSE OF ACTION - DEFAMATION

24. Schlumberger realleges and incorporates paragraphs 1-23 of this Complaint as if fully set forth herein.

25. Upon information and belief, ArkLaTex's agents contacted then-current Schlumberger employees in Louisiana and provided false information to recruit employees to leave Schlumberger.

26. Upon information and belief, ArkLaTex's agents contacted then-current Schlumberger customers in Louisiana and provided false information to entice the customers to redirect their business away from Schlumberger.

27. Upon information and belief, the information ArkLaTex's agents provided to Schlumberger employees and customers in Louisiana has gone so far as to include misrepresentations regarding Schlumberger's safety record, operating capabilities, and future prospects.

28. The misrepresentations made by ArkLaTex to Schlumberger's employees and clients were not grounded in truth.

29. The manner and content of ArkLaTex's misrepresentations indicate that ArkLaTex made them maliciously and with the intent to harm Schlumberger's employment relationships, business relations and reputation.

30. This publication of false information about Schlumberger constitutes defamation.

31. As a result of Defendant's defamatory actions, Plaintiff has suffered irreparable damages including, but not limited to, loss of employees; pecuniary losses; loss of goodwill; loss of competitive position in the marketplace; confusion of customers and clients; and damage to its reputation.

### V. SECOND CAUSE OF ACTION – VIOLATION OF LOUISIANA UNFAIR TRADE PRACTICES ACT (LA. R.S. § 51:1401 *et seq.*)

32. Schlumberger realleges and incorporates paragraphs 1-31 of this Complaint as if fully set forth herein.

33. Defendant ArkLaTex through its employees and/or agents maliciously, deliberately, willfully, and intentionally solicited/induced Schlumberger employees in its Louisiana operations to leave their employment with Schlumberger in order to accept employment with Defendant.

34. Upon information and belief, Defendant ArkLaTex specifically targeted Schlumberger's employees in an attempt to degrade Schlumberger's ability to service its customers.

35. Upon information and belief, Defendant ArkLaTex's agents made false representations to Schlumberger's employees to encourage them to leave Schlumberger and to harm the employees' relationship with their employer.

36. Defendant ArkLaTex's agents made material false allegations to Schlumberger's customers in an attempt to direct business from Schlumberger to ArkLaTex.

37. The above unlawful acts were unethical, unfair, and deceptive.

38. Upon information and belief, ArkLaTex engaged in the above acts with the full knowledge that the acts were unethical, unfair, and deceptive.

39. Such acts constitute a continuing violation as they are part of a pattern and plan that occurred over time.

40. The above mentioned acts rise to the level of egregious conduct because the acts involve deception, misrepresentation, and other unethical conduct on the part of ArkLaTex with the sole intention being to competitively harm Schlumberger.

41. As a result of Defendant's intentional and malicious conduct, Plaintiff has suffered irreparable damages including, but not limited to, loss of employees; pecuniary losses; loss of goodwill; loss of competitive position in the marketplace; confusion of customers and clients; and damage to its reputation.

## VI. DAMAGES

42. Schlumberger realleges and incorporates paragraphs 1-41 of this complaint as if fully set forth herein.

43. As a result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, extreme hardship and irreparable harm. This hardship and harm are continuing, cannot readily be quantified, for which there is no adequate remedy at law, and for which money damages cannot adequately compensate Plaintiff.

44. As a result of Defendants' conduct, Plaintiff also has suffered, and will continue to suffer, other damages that are quantifiable, and is thus entitled to compensatory and/or other damages, including, but not limited to, investigation and mitigation expenses, court costs, attorneys' fees, and other relief in an amount in excess of the minimum jurisdictional limits of this Court.

45.     Defendants' conduct was malicious, deliberate, willful, and intentional. Therefore, Plaintiff is entitled to exemplary damages as a result of Defendants' conduct alleged in this Complaint.

46.     Further, the Louisiana Unfair Trade Practices Act provides for the statutory award of treble damages.

47.     Pursuant to La. R.S. § 51:1409(b), a copy of the Complaint has been mailed to the Louisiana attorney general.

## VII.     INJUNCTIVE RELIEF

48.     Schlumberger realleges and incorporates paragraphs 1-47 of this complaint as if fully set forth herein.

49.     Unless ArkLaTex's conduct is enjoined, Schlumberger will continue to suffer irreparable injury and harm that is not readily quantifiable and for which there is no adequate remedy at law and for which money damages cannot adequately compensate Plaintiff including, but not limited to, loss of goodwill, loss of employees, damage to its reputation, loss of competitive position in the marketplace, confusion of customers and clients, and loss of the benefit of its contracts.  Greater injury will be inflicted upon Schlumberger by the denial of injunctive relief than would be inflicted upon ArkLaTex by granting such relief.  By granting injunctive relief, Defendant merely will be required to respect the agreements of other employees of Plaintiff.  For these reasons, including the lack of injury to Defendant as a result of the granting of injunctive relief, the issuance of injunctive relief will not disserve the public interest.

## VIII.     ATTORNEYS' FEES

50.     Schlumberger realleges and incorporates paragraphs 1-49 of this complaint as if fully set forth herein.

51.  As a result of Defendants' conduct alleged herein, Plaintiff has engaged the undersigned attorney and agreed to pay their reasonable attorneys' fees and expenses incurred in prosecuting this suit. Plaintiff seeks recovery of these usual and customary attorneys' fees and expenses incurred on account of Defendant's conduct alleged herein.

52.  As a result of Defendant's conduct alleged herein, Plaintiff is also entitled to reasonable attorneys' fees under La. R.S. § 51: 1401 *et seq.*

## IX.  PRAYER FOR RELIEF

WHEREFORE PLAINTIFF SCHLUMBERGER PRAYS for judgment against Defendant ArkLaTex as follows:

53.  Monetary damages for the economic harm to Plaintiff;

54.  Punitive damages in a sum sufficient to deter;

55.  Treble damages, as provided for under the law;

56.  Temporary and permanent injunctive relief;

57.  Reasonable attorneys' fees and costs incurred herein; and

58.  Such other relief as the court may deem just and proper

Dated: September 29th, 2014.

Respectfully submitted,

*/s/ Samuel Zurik III*
SAMUEL ZURIK III (LA BAR 24716)
ROBERT P. LOMBARDI (LA BAR 26387)
THE KULLMAN FIRM
A Professional Law Corporation
1600 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189

COUNSEL FOR PLAINTIFF